The case we'll hear will be Patel v. Attorney General, No. 153915. Will you be reserving time for rebuttal? If I may, Your Honor, I'd like to reserve three minutes. That's granted. You can proceed. Thank you, Judge. As the Court's aware, this is a petition for review of a decision of the Board of Immigration Appeals. The petitioner in this proceeding is a 48-year-old native and citizen of India. He came to this country 10 years ago legally as a lawful permanent resident. He's married to a lawful permanent resident. He has two children, one of whom is a U.S. citizen now, and the other is still a lawful permanent resident. The reason why he was ordered removed is because he was convicted of violating 8 U.S. Code 1324, A-1-3-i, which renders as a felony anyone who harbors... Why isn't that just dispositive, the fact that he was convicted of 1324? Well, because the statute, the aggravated felony statute found in 8 U.S. Code 1101N, requires an element that that section, if one is deported as a result of violating... that it must be related to alien smuggling. How can we take that as an element of the offense in view of our case in Patel? I'm sorry? How can we take that as an element of an offense given our prior case law, Patel in particular? Since you were under that decision, I think in 2002, there have been several Supreme Court decisions relating... You say there are Supreme Court cases, so perhaps you can persuade us as to why our law is no longer good. Well, there have been Supreme Court cases and cases from this Court, which have decided the parenthetical relating to smuggling, or relating to something else, sometimes a controlled substance, in most of the cases. Isn't the structure of that controlled substance decision completely different from what we have here, though? Well, I think the only difference is that the parenthetical is before the section of the criminal law that somebody was convicted of. Here, the parenthetical is immediately following the section of the criminal law that he was convicted of. And I believe, Your Honor, three years ago, in a case, and by decision, before this Court, including yourself and Judge Figueres, in Rojas v. Attorney General, it was ruled that the parenthetical is a restrictive modifier affecting its immediate term. Because in that case, the parenthetical was not related to, but it was the section of the law. Well, I think we can agree that a parenthetical could be descriptive or restrictive. I mean, in that case, I guess it was restrictive. Well, maybe yes, maybe no. The line of the Supreme Court cases, all but one, indicate that it's an elements-only situation. And in order for it to be an aggravated felony, the crime must contain all of the elements that would fit the section of the law that is found in the Immigration and Nationality Act. And in this particular case, it does not. And if you accept, if you don't accept the rulings of the Supreme Court in this... We usually do. Well, I've appeared before the second, and I'm not so sure that they always do. But in any event... We won't tell them that. Well, I'm not going to tell them, that's for sure. And I may also say that their podiums aren't quite as high. I hope that all three of you can see me. In any event, the section here that we're dealing with, unless you give some weight to the parenthetical related to smuggling, you are in effect legislating it out of the statute. If any conduct of harboring arises merely because a person knows that an alien is here illegally, which doesn't answer the question, that puts an entirely different meaning on the section of law that he was convicted of. A person can come to the U.S. illegally without any smuggling element involved. He or she can do it on his own. For example, you can walk across the border all by yourself. You're here illegally. You haven't been smuggled. You can apply for a visa, be granted one, be admitted to the U.S. pursuant to the terms of the visa, and you can overstay your status that you were admitted for and you are now here illegally. That has nothing to do with smuggling. Counsel, how do we reconcile that with our statement in Patel that we think it obvious that even the non-technical offense of harboring an alien does relate to alien smuggling because the offense requires reckless disregard of the fact that an alien has come to, entered, or remains in the U.S. in violation of the law? In, albeit in a footnote, in Patel we were confronted with and we rejected that argument. What in Malooly or other intervening law cast doubt on that proposition? Well, with due respect to that panel and to this court, I would say that that statement is factually inaccurate. A person does not, in fact, you come to the U.S. with, if you enter the U.S. without inspection, you can do it on your own or you can do it with the help of a smuggler, one out of two. If you come to the U.S. with a visa, you may have entered lawfully, but you've overstayed or violated your status in some way. You haven't been smuggled in at all. And then somebody knowingly employs you knowing you're not in status and you're convicted under the section of law that this Mr. Patel was convicted of. You come to the U.S. with, fraudulently, you have a passport, you do it all by yourself, you get a visa all by yourself, you're admitted, you've come here illegally, no smuggler involved. The third way, you get help from a smuggler. So one out of three. So you've got 40% chance, two out of five chance, regardless of whether it's EWI or entry with inspection, you only have a 40% chance of a smuggler being involved. Now I don't, that Patel case, I happened to be involved with before the board and the immigration judge lost both and was not hired for the appeal before this court. Not that it would have necessarily made any difference. So I am familiar with it. There is not a situation where it's necessarily involved with smuggling. In fact, the odds probably, under the rule of probabilities, are against it. It's 60-40 against it. And so I think we need to take a look at it. I don't know, you're pretty adamant. I mean, our language in footnote eight was, we think it's obvious that the non-technical offense of harboring an alien does relate to alien smuggling. We didn't sort of mealy mouth it. They thought it was obvious, that panel. Well, I'm not sure why the panel thought it was obvious. And there may have been something in the facts of that case, and I'm only hypothesizing here, that indicated that my former client knew that these people had come to the U.S. illegally and had arranged for the employment at the time or before they entered. And that could have been, I'm only hypothesizing, and that could have been the state of facts before the court. But that isn't the state of facts before this court with this Mr. Patel. If you look at the documents that are submitted in the appendix for the conviction, the indictment that he pled to does not contain any facts that relate to smuggling. If you take a look at the plea agreement that was accepted by the court, presumably, there's nothing related to smuggling, nor is there anything in the judgment of conviction. But we don't get to that unless we're taking a modified categorical approach, and this is at least a point I think you and the government agree upon, and that is we can look at this and take a categorical approach. Well, I think that whether it's modified categorical or categorical, I think that you only look to facts to determine what section of the law or what part of the section of the law the person was convicted of. There's another way of looking at it as a result of a Supreme Court case back in 2009 that was not cited in either brief to you where the facts are looked at. It's Nijhawan, and it was before this court initially and then went up to the Supreme Court, which affirmed this court, where you could look at the facts when the statute, because of the very nature of it, that there would not have been any element in that statute or in most of the other statutes that were similar that would correspond to an aggravated felony. And in that case, it was a question of fraud, and the fraud had to be over $10,000. And a week and a half ago, or actually a week ago Friday, a case came out of the board called Estrada, E-S-T-R-A-D-A, came down on May 27th, and the site is 26 INN Decision 749, where they use what they call from Nijhawan the circumstance-specific approach. And this had to do with the domestic violence conviction, and the person was convicted under a regular assault conviction. And notwithstanding the fact that the person could have been convicted under a domestic violence section, he was not, but the board said that you now look, that we can tear asunder the criminal statute and look at the underlying facts. Well, counsel, you're out of time, so if you could wrap up. But also, did that case call to question the Ruiz-Romero decision? It did not. Okay. I don't believe it did, Judge. Thanks. We'll hear you on rebuttal. Thank you. Thank you, Your Honor. Good morning. May it please the Court. Emmanuel Palau for the respondent in this case. The board, this Court, and every other court which has looked at the aggravated felony definition at Section 1101A43N has held that the parenthetical relating to alien smuggling is strictly descriptive, not restrictive. Does Malili change anything here? No, Your Honor. Malili is broccoli and Bassett ice cream. It's got nothing to do with this case. I've heard that one before. It's a good one. What did I say? I'm sorry. I had some last night. It was very good. All right. Malili and Moncrief, on all those cases, proceed from the premise that the statute at issue is restrictive. Here, we're dealing with a descriptive phrase which has no import, no substantive import, on the scope of the statute. If this Court feels a sense of deja vu, it's because you decided this case already in Patel. The exact same argument was raised there that the parenthetical was, in fact, restrictive, meaning you had to show not just the conviction but also activity of alien smuggling. This Court rejected that argument already. Well, Malili at least suggests we need to pay close attention to the actual language and phrasing that Congress used and go when we're doing statutory construction like this and take a close look. When we do that here, and specifically as to 1101A43, there are a host of different offenses that are listed. Some of those are described using the text like illicit trafficking in controlled substances with a parenthetical that then says as defined in the statutory citation. Correct. And I assume as to those that the government's position would be that they are equivalent, that the text matches up with the citation and that we should be looking to the citation for the meaning of the text there. Well, as the Court just noted, parentheticals can be descriptive or restrictive. It depends on the language of the parenthetical, its placement. In the Patel case, the Court said that the primary reason we're holding the way we're holding is the structure of the parenthetical at issue. If, in fact, the parenthetical relating to alien smuggling was meant to restrict the scope of the offenses, it would have been placed in a different position in the definition. It currently reads an offense described in 8 U.S. Code 1324 relating to alien smuggling. If it was meant to limit the offenses, this Court noted it would have been moved up and it would read an offense relating to alien smuggling under that statute. So the mere fact that it's a parenthetical is not what makes it descriptive. It's the structure and placement and the grammar of the provision, the definition, and that's what this Court based its decision on in Patel. Well, for example, with Section 43B, which is illicit trafficking and controlled substances, and then as defined in Section 802 of Title 21, is the government's position that there the parenthetical is restrictive? Absolutely, yes. There's no question about that. And so when we look at Subsection N, which is dealing with the offensive issue here, why wouldn't we take the same approach? It is the same structure, except that the parenthetical there has relating to smuggling. Because, well, first of all, this Court is bound by Patel. If the Court thinks its prior decision is wrong, then I think you've got to go on bond. But there's a number of reasons why. The primary reason is the structure and scope of the entire aggravated felony definition. As this Court noted and the Board noted in Rouge Romero, the definitions for aggravated felonies is just a long litany of statutory sites. And the reader, without the parentheticals, would have no way of knowing, unless he was an expert in the U.S. Code, of knowing what those statutory sites referred to. This Court noted that, and other courts have noted, every single court that's looked at has noted that the purpose, the Congress's intent in putting the parentheticals in was not to limit the scope of the definition of the aggravated felony. It was to give the reader an assist so the reader would have a clue what this statutory site refers to, the subject matter of the site. So the purpose of the parenthetical in the aggravated felony definition, N, is not the same as the purpose in the other, in the controlled substance statute. But isn't it a canon of statutory construction that when we look at an individual section, if we have subsections that are designed the same way, and Congress has done that, particularly within the same section of the statute, that we will accord the same meaning, the same intent, to what Congress has done in a similar way and similar language or structure as it has here? Well, I'd say the only similarity, Your Honor, respectfully, is the words relating to. Here, as this Court noted in Patel, the purpose of the parenthetical is to say that, hey, reader, this section 11 of, that we're referring to, section 33.4, relates to alien smuggling. In the controlled substance part of the definition, if you will, I don't think it is a parenthetical. Is it? The relating to language? The statute is, as defined by, is what appears in the citations in the parenthetical. The language of that is limiting because it says, relating to a substance described in the Federal Controlled Substance Act, which refers you to a specific list of drugs. And that's why when you do a categorical analysis, as the Court knows, you compare the elements of the statute of conviction, what substance was at issue there with the substances in the CSA, the federal drug schedules, if they don't match, then you don't have a categorical match. The purpose of the parenthetical in the controlled substance statute is to point, is a substantive limitation. It says, basically, to have a controlled substance violation, you must be dealing with a controlled substance that's identified in the federal drug schedules. And that makes it restrictive. I'm not aware of a case that has discussed that language in the context of a controlled substance aggravated felony, but like we have here in this situation, but I think it's well understood that that is a restrictive parenthetical. Can I ask you a question? You did point out that there is, including our Patel decision, there are other decisions out there. But since this Mullooly decision, has this issue been revived? I know you're from OIL in Washington. Are there other cases involving this issue again and the effect of the Mullooly case? I think we're looking at Mullooly and Moncrief strictly in the context of controlled substance offenses. Okay, so the answer is no, that you're not? No, you're correct. Okay. I mean, Patel is controlling here. The Court need not reinvent the wheel before you decide this case. For the petitioner's argument to succeed, he's got to show some error or some overriding reason why the analysis in Patel is no longer valid. There's nothing in Mullooly or Moncrief that addresses the analysis of the parenthetical in that section. Anything in Descamp? Or is that just doesn't apply? I include Descamp in that as well, yes. Yes, I mean, those cases are about how you perform a categorical analysis, which thankfully we needn't do here. As the Court noted, this is a statute, a definition with an enumerated statute. The statute is identified. If the alien in question has been convicted of that statute, that's the end of the inquiry. There's nothing to be compared here, and that's mostly why Descamp, Mullooly, and Moncrief aren't helpful or instructive or controlling here, because they deal with categorical analysis of controlled substance statutes. Counsel, you make the argument toward the end of your brief, pointing to the language of the footnote in Patel, that the conviction for harboring an alien does, in fact, relate to smuggling. If that's the case, under those circumstances, we wouldn't even need to engage in the question whether the parenthetical was descriptive or restrictive. It would, in fact, equate with smuggling. It would, Your Honor, but that's starting to sound like a modified categorical analysis because now you're looking at the conduct that led to his conviction. But, yes, we agree that the petitioner's view of what alien smuggling is is very narrow, and I believe the Court, Patel, went through a legislative analysis and indicated that Congress meant that Section 1324 to encompass the broad scope of activities which not literally bring an alien from point A to point B, but also any activity that helps the alien remain in or not just come into the U.S., but remain in the U.S. 1324 doesn't require, in fact, the word smuggling does not appear in Section 1324. And all 1324 requires, the statute of conviction here, is that you, in this case, harbor someone who you knew or had reason to believe entered illegally or was here illegally, however the alien got in. So it's too literally narrow an argument to say that alien smuggling is simply the act of bringing an alien from his country to the U.S. Well, we talked about reckless disregard of the risk that someone was here illegally and that bringing the concept of harboring or Congress's intent to bring the concept of harboring within the broader terminology of smuggling into parenthetical. But what then do we do with the arguments that have been raised by the petitioner as to a number of circumstances where someone might be here illegally and there was no connection whatsoever with smuggling, someone who their own initiative came across the border, for example? Well, I don't think the court needs to address that because if you're being removed under this provision, it's because you've been convicted under 1324 in a different court. If you're appealing that conviction, I think that raises that issue. But I think that concern is somewhat theoretical because the petitioner hasn't shown that anyone has been convicted under that statute for an apparently benign situation like that. But we are taking a categorical approach, as instructed by the Supreme Court, and in thinking about the rationale by which we decide this case, don't we need as a threshold question, as I thought your answer indicated a few moments ago, to determine whether the concept of harboring necessarily already falls within smuggling. That is because, as we suggested in the footnote, it might encompass a reckless disregard as a categorical matter. If it does, that would be a basis to dispose of the case. If it doesn't, then we need to go to the next question of whether the parenthetical is descriptive or restrictive. So to that extent, it does seem pertinent to our decision tree here, doesn't it? Well, I think the reason that that point about harboring relating to alien smoking is in a footnote is because it wasn't dispositive in Patel. Under this definition, and perhaps I'm not quite getting the gist of your question, but my understanding of this is that all you have to show is a conviction to be removable. That's the issue here. Is he removable as an aggravated felon for having been convicted of this offense? So all that the immigration judge and the board here had to do was to determine whether there was a conviction under this exact – we keep saying categorical analysis. I'm not sure this is a true categorical analysis. We're not comparing anything to anything. The statute of conviction is the exact same statute identified in the definition. So all you have to do is show a conviction under that exact same statute and you are removable as an aggravated felon, and that's the end of the inquiry. We need not compare one statute to another. I do believe the board used language about categorically, but I think how they meant it was that, as in definitively, if you are convicted of this statute identified in the definition, that's the end of the inquiry. We're not comparing two statutes. Well, maybe I'm not – I haven't been clear in my question. I think the problem's aligned, but if you want to try again. So we have a statute that's talking about harboring. Petitioner's argument has been that the parenthetical relating to smuggling, alien smuggling, is restrictive, and so we're only looking to actual smuggling. Now, we have a footnote in Patel that suggests that we don't need to talk about whether it's restrictive or descriptive because harboring is related to smuggling, and I'm asking whether the government espouses that position today, and if so, how you grapple with the examples that Petitioner's counsel has pointed out where there can be harboring without any relation whatsoever to smuggling. I don't think we're espousing that position, Your Honor. I think that that's just – that reference is just helpful or like a fourth or fifth justification for how Patel came out. We don't – we believe that you don't – that because the parenthetical is descriptive, you don't even look at it. In fact, there's an argument that you don't have redundant language in the statute, so why not take the parentheticals out? You can take them all out. I'm sorry, and you can take this one out because it's nearly descriptive, and that just means that when you read the statute, you're going to have to go to U.S. Code and thumb to that section to figure out what it's about. But it adds nothing to the statute to say – to describe that the subject matter of the statute deals with alien smuggling. I don't think our position is that you look at it – the premise behind looking at the substantive import of the parenthetical means is that it's substantive, and we never get there because this court and every other court that's looked at this has said it's just a description. It's got nothing to do with whether you're an aggravated felon or not. So I think my problem with your – my confusion with your question is that we just never get to the parenthetical. I do think the court's reference in Patel is helpful to respond to the argument made in that case and in this case that alien smuggling is a very narrow set of circumstances. It's not. Congress said it's broad, but we don't have to go there to decide this case. Thank you, counsel. Thank you, Your Honor. In rebuttal, if Congress allows – I mean, if the court allows the government to ignore the parenthetical relating to smuggling that is in the statute and allows them to proceed as if it was not there, that is in effect a re-legislation of an obligation that under the Constitution Congress has and not the government. The law is clear.  There's no ambiguity. And that was the condition under which this particular statute was enacted into law. Now, as far as the mention of en banc, there is a case from 2008, Lebanon Farms Disposal. INC was the plaintiff, where it was held by this court that intervening Supreme Court decisions allows a panel to overrule a previous published decision without en banc review. So I think you have jurisdiction to do that if I'm citing this case correctly. The categorical approach and the modified categorical approach both require an examination of the elements of the crime of which the alien was convicted. When you examine the elements of this particular crime, there is no element that relates to smuggling. That's the issue as I see it. Thank you, counsel. Thank you. We thank both counsel for excellent arguments and briefs. We're going to take the case under advisement. And if counsel has no objection, we'd like to greet you at sidebar and express our gratitude more intimately, I guess. And if we could just go off the record for a minute.